RAMÓN PUJALS CARLO, Petitioner, v. DISTRICT COURT OF SAN JUAN, Respondent.

No. 661. Argued July 15, 1929.—Decided January 17, 1930.

*Pedro Amado Rivera* and *A. Rivas,* for petitioner. *M. Acosta Velarde,* for defendant in the main action.

Mr. Chief Justice Del Toro delivered the opinion of the court.

We are asked to reconsider the judgment rendered by this court in the present case on the 26th of July last on the ground that, although the conclusion was reached therein that the municipal court had jurisdiction of a revendicatory action to recover "a strip of land measuring 9.35 square meters," that court nevertheless acted without jurisdiction by reason of the amount in controversy. In the complaint the amount involved was alleged as follows:

"That, as above stated, the parcel which has been described is part of the main property belonging to the plaintiff and is worth not less than $100."

According to the return made to the writ of certiorari issued, a demurrer to the complaint for lack of facts sufficient to constitute a cause of action, without further specification, in accordance with the accepted practice, was filed in the municipal court. Besides the demurrer, the record shows only the decision of the court overruling the demurrer, the answer —wherein no question relating to the amount involved is raised—and the judgment for the defendant rendered after a trial on the ground that the plaintiff had not established his right to recover the land in question.

The plaintiff took an appeal to the district court, and upon the case being set for trial *de novo,* he again "verbally demurred to the complaint for lack of jurisdiction, because the action prosecuted is one of revendication of real property over which the municipal court did not have original jurisdiction and, consequently, this court has no appellate jurisdiction to hear the case (citing *Colón* v. *Registrar,* 38 P.R.R. 586)."

The district court relying specially on the *Colón* case, *supra,* sustained the demurrer and it accordingly ordered the dismissal of the case.

It was that decision of the district court which we reviewed and set aside in the certiorari proceeding herein, because in our opinion the municipal courts have jurisdiction of revendicatory actions whenever the amount in controversy does not exceed five hundred dollars.

It is true that in opposing the writ of certiorari in this court the defendants in the main action raised the question of the amount involved, which is now renewed and which this court did not consider in the original opinion.

The court confined itself to the question which really formed the basis of the petition in certiorari, and did not mention the other question, because although it is true that the amount involved was erroneously alleged, inasmuch as the word "less" was used instead of the word "more"— which, in view of the circumstances of the case, is manifestly an error—yet the defect could have been cured in the municipal court and may be also cured in the district court, to which the case is remanded pursuant to the decision heretofore rendered by us in the certiorari proceeding.

For the foregoing reasons, the motion for rehearing must be denied.

Mr. Justice Wolf, dissenting.

Jurisdiction for a municipal court should be shown on the face of the proceedings. A complaint should set up the jurisdictional facts. The words "not less than $100" may mean any amount above $500 and beyond the jurisdiction of a municipal court. The latter is limited to $500. If in a given case the property was actually worth more than $500 a plaintiff at his election could enter a municipal court, alleging the words as above quoted. Where the jurisdiction depends on the amount, a line must be drawn and a plaintiff who wants to enter a municipal court must announce himself within the said line.